# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

LAVELLE MONROE,

        Plaintiff,

    v.                               Case No. 14-C-116

CO LATHAM, et al.,

        Defendants.

## SCREENING ORDER

The plaintiff, who is incarcerated at the Racine County Jail, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). The plaintiff has been assessed and paid an initial partial filing fee of $21.21 in this action.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation

- 2 -

was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff Lavelle Monroe contends that on January 25, 2014, he discovered a maggot in his taco plate while eating lunch at the Racine County Jail. Monroe pressed the emergency button and informed Correctional Officer Emper that he had found a maggot in his food. Correctional Officer Emper allegedly told him to write to the sergeant. Monroe also summoned Correctional Officer Latham, who came to look at the maggot and called for another lunch but did not call the sergeant. Approximately 35 minutes later, Sheriff Deputy Dayne, Sheriff Deputy McDonald, and Correctional Officer Peterson came to retrieve the maggot, and they informed Monroe that they would notify the sergeant and the kitchen about the incident. Monroe claims the jail violated its duty to serve three wholesome meals per day.

It is unclear from the complaint whether Monroe is a pretrial detainee or a prisoner serving a sentence for a crime, but in either case, Monroe's allegations fail to state a constitutional claim. A claim that the conditions of a convicted prisoner's confinement were constitutionally inadequate triggers a two-step inquiry: (1) whether the adverse conditions complained of were "sufficiently serious," such that the acts or omissions of prison officials giving rise to these conditions deprived the prisoner of a "minimal civilized measure of life's necessities," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), and (2) whether prison officials were deliberately indifferent to the adverse

- 3 -

conditions, *id.* at 834; *Wilson v. Seiter*, 501 U.S. 294, 302-04 (1991). The Due Process Clause of the Fourteenth Amendment also protects pretrial detainees by prohibiting the State from punishing them, and the protections afforded pretrial detainees are at least as great as the Eighth Amendment protections available to a convicted prisoner. *See Tesch v. County of Green Lake*, 157 F.3d 465, 473 (7th Cir. 1998) (citations omitted). A correctional facility's failure to provide for an inmate's basic human needs may violate the Eighth Amendment and the Due Process Clause. *Id.* at 472 (citing *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989)).

Here, the court finds that Monroe has failed to assert a colorable constitutional claim. In some circumstances, harsh or unsanitary conditions of confinement may constitute punishment or deprive an inmate of life's basic necessities. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1431-32 (7th Cir. 1996) (finding that pretrial detainee sufficiently stated § 1983 claim where he alleged rancid food, a nutritionally deficient diet, and a prolonged pest infestation). This is not such a case. Monroe claims he discovered a single maggot in his food on one occasion, and he admits that the jail officials attempted to resolve his complaint and ordered him a new lunch. They also advised him that the kitchen staff would be notified so that steps could be taken to address the problem. Monroe does not claim that he suffered any injury as a result of the incident.

Prison officials must provide for inmates' basis human needs, but they are not held to a standard of perfection. *See Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988) ("Inmates cannot expect the amenities, conveniences and services of a good hotel"). To establish an Eighth Amendment violation of cruel and unusual punishment, a prisoner-plaintiff must show that a state actor acted with deliberate indifference —knowing disregard—to a substantial risk of serious harm to an inmate. Here, it is clear from Monroe's own allegations that the correctional officers did not

- 4 -

disregard his complaint. They gave him a new plate and notified the kitchen staff of the problem. "A single incident of food poisoning or finding a foreign object in food does not constitute a violation of the constitutional rights of the prisoner affected." *Green v. Atkinson*, 623 F.3d 278, 281 (5th Cir. 2010). Evidence that maggots were constantly found in inmate's food or that, despite complaints about a lack of hygiene in food handling, such problems continued would be needed to turn merely isolated negligent behavior to the level of a constitutional violation. *Id.* The complaint lacks any suggestion of such a claim here.

Accordingly, the complaint will be dismissed. The dismissal is without prejudice, however. If Monroe can cure the defect in his claim, he may file an amended complaint within the next 30 days. An amended complaint must be a complete "stand alone" pleading. In other words, it cannot incorporate the initial complaint be reference. *See* Civil L. R. 15(a) ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."). If Monroe fails to file an amended complaint within the time allowed, the dismissal will be with prejudice.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* be and hereby is **GRANTED.**

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim, but without prejudice. If Plaintiff can state a claim, he may file an amended complaint within 30 days of this order. If he fails to do so, the dismissal will be with prejudice.

- 5 -

**IT IS FURTHER ORDERED** that the Racine County Sheriff shall collect from the plaintiff's prison trust account the $328.79 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the Racine County Sheriff and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Green Bay, Wisconsin this __25th__ day of February, 2014.

 s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

- 6 -