# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LAVELLE MONROE,

    Plaintiff,

  v.                                                  Case No. 14-C-116

CO LATHAM, et al.,

    Defendants.

## SCREENING ORDER FOR AMENDED COMPLAINT

Plaintiff Lavelle Monroe, an inmate at Dodge Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 on February 4, 2014, alleging that his civil rights were violated while he was incarcerated at the Racine County Jail (RCJ). The complaint alleged that Monroe found a maggot in his lunch. The court dismissed the complaint at the screening stage pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim but granted Monroe 30 days to amend his complaint. Monroe filed an amended complaint on March 17, 2014, which the court will proceed to screen. 28 U.S.C. § 1915A(a).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal

construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Monroe's amended complaint names Correctional Officer Latham as the sole defendant. Monroe alleges that while he was confined in RCJ's segregation unit in January 2014, Officer Latham took pleasure in teasing him and denied him cleaning supplies for his cell. After Monroe filed a grievance against Officer Latham for these actions, Officer Latham allegedly withheld Monroe's mail, threatened to taser him without justification, put maggots in his food, and removed the mattress from his room between the hours of 8:00 a.m. and 8:00 p.m. for 30 straight days, forcing Monroe to sleep on the steel bunk or the floor.

A claim that the conditions of a convicted prisoner's confinement were constitutionally inadequate triggers a two-step inquiry: (1) whether the adverse conditions complained of were "sufficiently serious," such that the acts or omissions of prison officials giving rise to these conditions deprived the prisoner of a "minimal civilized measure of life's necessities," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), and (2) whether prison officials were deliberately indifferent to the adverse conditions, *id.* at 834; *Wilson v. Seiter*, 501 U.S. 294, 302–04 (1991). It is unclear from the complaint whether Monroe was a pretrial detainee or a prisoner serving a sentence. The Due Process Clause of the Fourteenth Amendment also protects pretrial detainees by prohibiting the State from punishing them, and the protections afforded pretrial detainees are at least as great as the Eighth Amendment protections available to a convicted prisoner. *See Tesch v. County of Green Lake*, 157 F.3d 465, 473 (7th Cir. 1998) (citations omitted). Based on the allegations in Monroe's amended complaint, I cannot say that his claim is without merit and I will allow his Eighth Amendment claim to proceed.

In addition, prison inmates have a First Amendment right both to send and receive mail. *Kaufman v. McCaughtry*, 419 F.3d 678, 685 (7th Cir. 2005). If Officer Latham did not have substantial justification for withholding Monroe's mail, then Monroe may also have a claim on this ground. Accordingly, I will allow Monroe to proceed on a First Amendment claim against Officer Latham for withholding his mail.

In sum, Monroe may proceed on his Eighth Amendment and First Amendment claims against Officer Latham. Although Monroe alleges that other prison officials turned a blind eye to his issues with Officer Latham, he does not name these individuals in his complaint. Thus, the case will proceed only against him.

**IT IS THEREFORE ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendant shall file a responsive pleading to the complaint.

**IT IS ALSO ORDERED** that copies of this order be sent to the Racine County Sheriff, Jail Administrator, and Corporation Counsel.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable William C. Griesbach
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> Jefferson Court Building
> 125 S. Jefferson St., Rm. 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document filed with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this __24th__ day of March, 2014.

    s/ William C. Griesbach
    William C. Griesbach, Chief Judge
    United States District Court